IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01755-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 2 2009

GREGORY C. LANGHAM
CLERK

JERRY MASKE,

    Applicant,

v.

MARY CHAPPELL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

I. Background

    Applicant Jerry Maske currently resides in Aurora, Colorado. Mr. Maske initiated this action by filing a *pro se* Complaint in which he sought to challenge a state criminal conviction pursuant to 28 U.S.C. § 2241. Magistrate Judge Boyd N. Boland entered an order on July 24, 2009, construing the action as properly filed under 28 U.S.C. § 2254 and instructing Mr. Maske to file his claims on a Court-approved form used in filing § 2254 actions. Mr. Maske complied with the July 24, 2009, Order on July 29, 2009.

    Mr. Maske asserts that he pled guilty to a violation of a civil protection order and was sentenced to a one-year probation. He also asserts that his sentencing was based on an unreasonable determination of the facts in light of the evidence presented in the

state court proceeding. Mr. Maske further states that the judgment of conviction was entered on July 23, 2009, and he concedes that he has not exhausted his claims.

## II. Analysis

The Court must construe liberally Mr. Maske's Application because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

### A. 28 U.S.C. § 2244(d) Time-Bar

Based on the above findings, it is questionable that the instant action is timely under § 2244(d). Nonetheless, because the Court will dismiss the action for failure to exhaust state court remedies the Court will refrain from addressing timeliness under § 2244(d).

### B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

In response to questions asked on Pages Two and Three of the Application form, Mr. Maske states that he did not file a direct appeal of his conviction and that he has not filed a postconviction motion. Also, Mr. Maske's answer to the question on Page Three regarding why he did not file a direct appeal is nonresponsive.

Nonetheless, on Page Five of the Application, Mr. Maske concedes that he has not exhausted his state court remedies. The Court, therefore, finds that dismissal of

Mr. Maske's Application is proper, without consideration of exhaustion as an affirmative defense, because it is clear from the face of the Application that Mr. Maske has not exhausted his state court remedies. **See Allen v. Zavaras**, 568 F.3d 1197, 1202 (10th Cir. 2009). The Court, therefore, finds that the Application should be denied for failure to exhaust state court remedies.

III. Conclusion

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this \_11\_ day of \_\_\_\_\_Aug.\_\_\_\_\_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01755-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk